IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DELORIS PHILLIPS,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-1598-X-BH |
| ) | |
| **TEXAS DEPARTMENT OF** ) | |
| **INSURANCE- DIVISION OF** ) | |
| **WORKERS COMPENSATION, et al.,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before the Court are *Plaintiff's Notice of Filing Notice of Removal Citing Federal Questions and Violations of State and Federal Statutes and Motion for Hearing for Leave to File Notice of Removal* (doc. 2), and *Motion to Proceed In Forma Pauperis and Request for Expedited Hearing* (doc. 3), both filed July 22, 2022. Based on relevant filings and applicable law, the motions for a hearing, for leave to file a notice of removal, and to proceed *in forma pauperis* should be **DENIED**, additional sanctions should be imposed, and this action should be summarily **DISMISSED** with prejudice.

**I. BACKGROUND**

Since 2007, Deloris Phillips (Plaintiff) has filed in this court at least 22 new civil actions, purported removals or appeals of state actions, or requests for leave to remove or appeal state actions. She previously

> has been deemed a pernicious, abusive, and vexatious litigant by the United States Court of Appeals for the Fifth Circuit and by this Court." *Phillips v. Federal Bureau of Investigation,* 3:13-CV-1571-B, Dkt. No. 10 (N.D. Tex. May 20, 2013) (citing *Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1-2 (5th Cir. May 16, 2012)). Both courts have barred her from communicating with the clerk's office in each court and from proceeding with any civil action without leave. *Id.*; *see also Phillips v. City of Dallas, et al.*, 3:14-CV-3131-M, Dkt.

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

    No. 22 at 2-3 (N.D. Tex. Dec. 19, 2014) (recommendation of Mag. J.), *accepted by* Dkt. 25 (N.D. Tex. Jan. 14, 2015); *Phillips v. United Parcel Serv.*, No. 3:11-CV-2861-B, Dkt. No. 57 (N.D. Tex. Oct. 19, 2012). In this district, she is prohibited from proceeding with any civil action unless she first obtains permission to proceed from a U.S. District Judge. (*See* 3:14-CV-3131-M, Dkt. No. 25.)

*Phillips v. Dallas City Attorney's Office*, No. 3:16-CV-1845-N-BH, (N.D. Tex. June 30, 2016). The sanctions order in this district specifically states that she

> is prohibited from proceeding with any civil action in this Court (the United States District Court for the Northern District of Texas) – whether she files it in this Court, she files it in another court and it is removed to this Court, or she files in another federal court and it is transferred to this Court – unless she obtains from a district judge of this Court leave to proceed in this Court.
>     If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Phillips seeks, in writing, leave from a district judge of this Court to proceed in this Court.

*Phillips v. City of Dallas*, No. 3:14-CV-3131-M, 2015 WL 233336, at *8 (N.D. Tex. Jan. 14, 2015), *appeal dism'd*, 644 F. App'x 368 (th Cir. 2016) (*per curiam*), *cert. dism'd*, 137 S. Ct. 2119 (2017).

    Plaintiff now appears to simultaneously purport to remove a state case and to seek leave to file her notice of removal. (*See* doc. 2 at 1-3.) She previously attempted to remove the same state case to this court without first seeking leave, and the case was summarily dismissed for failure to comply with the prior sanction order in No. 3:14-CV-3131-M. *See Phillips v. Texas Dept. of Ins. – Div. of Workers Comp.*, No. 3:21-cv-2216-M-BN, 2021 WL 4848619, at *1-2 (N.D. Tex. Sept. 22, 2021), *rec. adopted*, 2021 WL 4845777 (N.D. Tex. Oct. 18, 2021), *appeal dism'd*, 2022 WL 1237799 (5th Cir. Apr. 14, 2022). To the extent that she was seeking, or subsequently timely sought leave to proceed with that lawsuit, the request was also denied because she was seeking relief barred by the *Rooker-Feldman* doctrine. *See id.*

    Plaintiff again seeks, without first obtaining leave, to proceed with removal of the same state court action that she sought to remove in No. 3:21-cv-2216-M-BN, contending that the state court

case is now removable. (*See* doc. 2 at 2-3.)

## II. LEAVE TO PROCEED

Courts observe and enforce their own sanctions orders. *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006). Plaintiff is still subject to, but has not complied with, the sanctions order in No. 3:14-CV-3131-M. She did not first request or obtain leave from a U.S. District Judge to proceed with this lawsuit before purporting to remove it from state court. In addition, she has previously been denied permission to proceed with the same purportedly removed action on grounds that it is barred by the *Rooker-Feldman* doctrine. *See* 2021 WL 4848619, at *1-2.

The *Rooker-Feldman* doctrine[2] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 281 (2005). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

---

[2] The *Rooker–Feldman* doctrine takes its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

A "state court judgment is attacked for purposes of *Rooker-Feldman* 'when the [federal] claims are inextricably intertwined with a challenged state court judgment.' " *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). *Rooker-Feldman* "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached [,]' " however. *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 293); *accord Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 673 (5th Cir. 2015) (per curiam). The doctrine also does not apply if the state proceedings were ongoing, even if on appeal, at the time the federal suit was filed. *See Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (quoting *Ill. Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)) ("[T]his court has limited the application of *Rooker-Feldman* to those cases in which 'a party suffered an adverse final judgment rendered by a state's court of last resort.'"). The doctrine "generally applies only where a plaintiff seeks relief that directly attacks the validity of an *existing* state court judgment." *Weaver*, 660 F.3d at 904 (emphasis added). Nonetheless, a party cannot escape *Rooker-Feldman* by "casting . . . a complaint in the form of a civil rights action." *Liedtke*, 18 F.3d at 317 (citing cases).

Here, Plaintiff contends that the state court case with which she previously sought, and was denied, leave to proceed, is now removable. (*See* doc. 2 at 2-3.) In addition to the state case numbers at the district court and intermediate appellate court levels, she now also provides the case numbers before the Texas Supreme Court, and she also appears to assert violations of her constitutional rights. (*See id.*) Plaintiff still seeks to challenge state court judgments, so her claims are still barred by the *Rooker-Feldman* doctrine, notwithstanding any claim that her constitutional rights were violated during the state court proceedings. *See Musslewhite v. State Bar of Tex.*, 32

4

F.3d 942, 946 (5th Cir. 1994) (emphasis original) (quoting *Feldman*, 460 U.S. at 486) ("[F]ederal courts *do not* have subject matter jurisdiction over 'challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'"); *Turner v. Chase*, 334 F. App'x 657, 660 (5th Cir. 2009) (*Turner I*) (upholding dismissal of § 1983 suit seeking declarations that a divorce judgment was void and vacated, that the divorce petition could be re-litigated, and that state court proceedings violated plaintiff's constitutional rights because it fell "squarely in the category of cases covered by the *Rooker–Feldman* doctrine").

As in the prior lawsuit, the Court should honor the prior sanctions order in No. 3:14-CV-3131-M for failure to comply with its terms, and it should deny her requests for a hearing and for leave to proceed with this lawsuit for the same reasons. Leave to proceed *in forma pauperis* should also be denied.

### III.  ADDITIONAL SANCTIONS

Despite warnings and the incremental imposition of sanctions, including a bar on proceeding with any lawsuit in this district without first obtaining leave from a United States District Judge, Plaintiff continues to repeatedly file or attempt to remove state court actions in this district without complying with the sanctions order. Additional sanctions are therefore warranted in the form of a bar on filing *any* additional lawsuits in this district unless she first pays the applicable filing fee **and** obtains leave of court to proceed. The additional sanctions should state:

> Deloris Phillips is **BARRED** from proceeding with **any** future lawsuit in the Northern District of Texas – whether she initially filed it in this court, she filed it in another court and it was removed or she seeks to remove it to this court, or she filed it in another federal court and it was transferred to this court – unless she first:
>
> (1) Pays the applicable filing fee, **and**

(2) Obtains leave of court to file it from a Judge of a United States Court of Appeals for the Fifth Circuit, a United States District Judge, or a United States Magistrate Judge, through a proper motion for leave to file the action.

A proper motion for leave to file an action must be titled as a "Motion for Leave of Court to File Action", and it must be accompanied by (1) a receipt showing proof of payment of the applicable filing fee, and (2) a copy of her proposed filing containing her original signature or that of her attorney.

For any future action submitted by Deloris Phillips for filing that is not accompanied by a proper motion for leave to file, as defined above, **the Clerk of Court is directed to**:

(1) Open a new case for administrative purposes only;
(2) Docket the plaintiff's filings and a copy of the judgment in this case in that new case; and
(3) Close the case without further order of the Court.

Filings, other than a proper motion for leave, as defined above, or a notice of appeal of the denial of a proper motion for leave, shall be docketed for administrative purposes only and will not otherwise be addressed or acknowledged by the Court.

## IV. RECOMMENDATION

The plaintiff's motions for a hearing, for leave to file a notice of removal, and to proceed *in forma pauperis* in this case should be **DENIED**, the additional sanctions set forth below should be imposed, and this action should be summarily **DISMISSED** with prejudice. The additional sanctions should state:

Deloris Phillips is **BARRED** from proceeding with **any** future lawsuit in the Northern District of Texas – whether she initially filed it in this court, she filed it in another court and it was removed or she seeks to remove it to this court, or she filed it in another federal court and it was transferred to this court – unless she first:

(1) Pays the applicable filing fee, **and**
(2) Obtains leave of court to file it from a Judge of a United States Court of Appeals for the Fifth Circuit, a United States District Judge, or a United States Magistrate Judge, through a proper motion for leave to file the action.

A proper motion for leave to file an action must be titled as a "Motion for Leave of Court to File Action", and it must be accompanied by (1) a receipt showing proof of payment of the applicable filing fee, and (2) a copy of her proposed filing containing her original

signature or that of her attorney.

For any future action submitted by Deloris Phillips for filing that is not accompanied by a proper motion for leave to file, as defined above, **the Clerk of Court is directed to**:

    (1)    Open a new case for administrative purposes only;
    (2)    Docket the plaintiff's filings and a copy of the judgment in this case in that new case; and
    (3)    Close the case without further order of the Court.

Filings, other than a proper motion for leave, as defined above, or a notice of appeal of the denial of a proper motion for leave, shall be docketed for administrative purposes only and will not otherwise be addressed or acknowledged by the Court.

**SIGNED this 25th day of July, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE